IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| ROSALINDA CINTRON, | CV 17–108–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TITLE FINANCIAL CORPORATION, INSURED TITLES, LLC, and JOHN DOES 1-5, | |
| Defendants. | |

Before the Court is Plaintiff Rosalinda Cintron's ("Cintron") Motion to Strike Affirmative Defenses. (Doc. 13.) For the reasons stated below, the Court grants the motion in part and denies the motion in part.

**FACTS AND PROCEDURAL BACKGROUND**

Cintron initiated her Complaint on August 10, 2017, and then filed an Amended Complaint on September 8, 2017. Cintron alleges that Defendants discriminated against her at her workplace due to her disability. Cintron began working for Title Financial in 2005. She suffered a stroke in January 2014 and took leave from work. When she returned, Cintron alleges that she was harassed and fellow employees believed she was faking her stroke and her ability to perform her job functions. The harassment allegedly culminated with in-patient

-1-

hospitalization for post-traumatic stress disorder.

Defendants answered the Complaint, asserting twenty-one affirmative defenses. (Doc. 8 at 11–12.) Cintron filed the present motion, arguing that the affirmative defenses should be stricken because they do not meet the *Twombly* and *Iqbal* pleading requirement. (Docs. 13; 14 at 5.) Defendants oppose the motion, urging the Court to adopt the "fair notice" pleading standard recognized by the Ninth Circuit.

## LEGAL STANDARD

### I. Pleading Sufficiency of Affirmative Defenses

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). While district courts possess consideration discretion in disposing of Rule 12(f) motions to strike, such motions are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane et al., Federal Practice and Procedure § 1392 (3d ed.); *see also Benham v. Am. Servicing Co.*, No. C 09-01099

JSW, 2009 WL 4456386, at *8 (N.D. Cal. Nov. 30, 2009). Rule 8 requires a response to a pleading to include defenses, admissions, and denials. Fed. R. Civ. P. 8(b), (c). "[A] party must affirmatively state any avoidance or affirmative defense" in order to avoid waiver. Fed. R. Civ. P. 8(c).

The Ninth Circuit has directed courts to evaluate the pleading sufficiency of affirmative defenses under the "fair notice" standard. *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979), also citing *In re Gayle Sterten*, 546 F.3d 278, 285 (3d Cir.2008) (noting that "the proper focus of our inquiry" is whether framing the defense as a denial of an allegation "specifically deprived [the plaintiff] of an opportunity to rebut that defense or to alter her litigation strategy accordingly")). Therefore, an affirmative defense need only give the plaintiff fair notice of the defense. *Wyshak*, 607 F.2d at 827.

In her motion, Cintron contends that all twenty of Defendants' affirmative defenses are pled insufficiently. (Doc. 14 at 11–18.) Cintron requests this Court to apply the reinterpreted pleading standards under the Supreme Court's holdings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to affirmative defenses. (*See* id. at 8–11.) Although the Ninth Circuit has not yet adopted the *Twombly/Iqbal* pleading standard for affirmative defenses, Cintron cites to several district courts that have done so. (Doc. 14 at 9–

10.) Notably, however, no court in the District of Montana has adopted this standard.[1]

In response, Defendants direct the Court to many Ninth Circuit cases that have reiterated the "fair notice" standard applies to affirmative defenses—particularly cases following the United States Supreme Court's decisions in *Twombly* and *Iqbal*. (Doc. 17 at 7 (citing *Simmons*, 609 F.3d at 1023 (2010 case citing "fair notice" standard from *Wyshak*); *Garner v. Pritzker*, 609 F. App'x 433, 434 (9th Cir. 2015) (reciting "fair notice" standard); *Patsystems (NA) Ltd. Liab. Co. v. Trend Exch., Inc.*, 695 F. App'x 206 (9th Cir. 2017) (June 2, 2017 opinion citing with approval the standard set forth in *Simmons*).) In any case, it is clear that this point is unresolved in the Ninth Circuit.

Absent further direction, this Court declines to extend the *Twombly/Iqbal* pleading standards to affirmative defenses. Several considerations inform this conclusion. Most significantly, the Ninth Circuit has continued to recognize the "fair notice" standard of affirmative defense pleading even after *Twombly* and *Iqbal*. *See Simmons*, 609 F.3d 1011; *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008). Moreover, the Supreme

---

[1] The Court acknowledges that the judges in this district take varying approaches to striking affirmative defenses during the initial Rule 16 scheduling conference, which is a matter of personal preference and well within the discretion of the judge to effectively manage his or her caseload.

Court's analysis in *Twombly* and *Iqbal* is limited to pleadings under Federal Rule of Civil Procedure 8(a)(2). 550 U.S. at 555, 556 U.S. at 677–678. Federal Rule of Civil Procedure 8(a)(2) requires that the party stating a claim for relief provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(c), on the other hand, only requires a responding party to "affirmatively state" its affirmative defenses. Fed. R. Civ. P. 8(c). Therefore, applying the plausibility standard to affirmative defenses, without clear controlling authority from the Ninth Circuit, would broaden the scope of specific federal pleading standards.

For these reasons, this Court will review the sufficiency of Defendants' affirmative defenses under the "fair notice" pleading standard.

## DISCUSSION

Cintron urges the court to strike all twenty of Defendant's affirmative defenses as insufficiently pled. However, under the fair notice pleading standard, Cintron's position is not well-taken. With one exception (discussed below), all of the affirmative defenses are pled with sufficient particularity to give Cintron fair notice of their grounds.

The majority of Defendant's affirmative defenses relate to the elements of the claims found within the Amended Complaint. Affirmative defenses 1 and 2 explain that the Defendants do not believe the separation of employment qualifies

-5-

as a "discharge," and further contend it was not wrongful. (Doc. 8 at 11.) This puts Cintron on fair notice of these defenses. Affirmative defenses 3, 4, and 5 relate to the potential amount of damages that can be awarded in an employment discrimination case. (*Id.*) These put Cintron on notice that Defendants will dispute damages in regards to mitigation, deductions, and limitations pursuant to the Montana Wrongful Discharge from Employment Act ("WDEA"). Next, Defendants plead affirmative defenses regarding the doctrine of unclean hands, offsets due to collateral sources, preemption by the WDEA, and proportionate reduction of damages due to Cintron's own acts and omissions. (*Id.* at ¶¶ 6–9.) Again, the Court finds that this puts Cintron on fair notice of these defenses.

While Cintron takes particular issue with affirmative defenses 8 and 9 (Doc. 26), the Court finds these defenses appropriate under the circumstances. Preemption is proper as an affirmative defense due to risk of waiver. Further, Cintron argues that affirmative defense 9 is impertinent because she has not alleged a negligence claim. However, in her preliminary pretrial statement, Cintron flushes out Count V and notifies Defendants that it is grounded in negligence. Thus, Defendants contend that this defense is applicable to a negligence claim. The Court agrees.[2]

---

[2] In Defendants' Supplemental Brief in Opposition to Plaintiff's Motion to Strike Affirmative Defenses they argue that they "have sought to amend their Answer to add additional affirmative defenses related to this negligence claim, including defenses related to causation and

Affirmative defenses 11 through 20 also give Cintron notice that Defendants will contest any award of punitive damages, that she may be barred by failing to exhaust administrative remedies or by the applicable statute of limitations, that her Complaint alleges claims against entities other than her employer, that she is not entitled to double recovery, that she is not a qualified individual and refused to engage in the interactive process necessary to establish a discrimination claim, that she was not subject to any adverse employment action, and that she did not properly serve her Amended Complaint because no exhibits were attached. (*Id.* at 12, ¶¶ 11–20.) The Court finds all of these defenses sufficiently put Cintron on notice and are warranted under the circumstances.[3]

The only affirmative defense that the Court finds does not put Cintron on fair notice is paragraph 10, which states that "Plaintiff has not acted in good faith." (*Id.* at 11, ¶ 10.) The Court is unclear what this defense relates to, which, in turn, does not sufficiently put Cintron on fair notice of a particular defense. "Good faith" pertains to a particular mental state, and none of the claims alleged in the

---

damages." (Doc. 25 at 6.) Since then, Plaintiff has filed a Second Amended Complaint, which only includes Counts I, II, and III, but did not reallege Counts IV and V. (Doc. 27.) Therefore, this affirmative defense is moot.
    [3] In Defendants' supplemental brief, they also move to revise their affirmative defense 14 to include "that an alleged wrongful discharge claim brought in August 2017 for an event occurring in August 2015 is likely barred by the one-year statute of limitations for wrongful discharge actions." (Doc. 25 at 7.) Because Cintron alleges for the first time in her preliminary pretrial statement that her constructive discharge claim is based on conduct occurring in 2015, the Court finds this amendment reasonable. Thus, Defendants may amend their affirmative defense 14 to include this language.

Amended Complaint (or Second Amended Complaint) require a showing that Cintron acted in good faith.   Therefore, this affirmative defense is stricken.

## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Strike Affirmative Defenses (Doc. 13) is GRANTED IN PART and DENIED IN PART. Affirmative defense number 10 is stricken, but all other affirmative defenses remain.

IT IS FURTHER ORDERED that Defendants shall file an amended answer in response to Plaintiff's Second Amended Complaint within 21 days of this Order. Defendants may amend their affirmative defense 14, as indicated above. However, because Plaintiff does not allege negligence in her Second Amended Complaint, Defendants shall refrain from asserting any affirmative defenses applicable to a negligence claim.

DATED this 1st day of February, 2018.

Dana L. Christensen, Chief Judge
United States District Court