IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



ROSALINDA CINTRON,

    Plaintiff,

vs.

TITLE FINANCIAL CORPORATION, INSURED TITLES, LLC, and JOHN DOES 1-5,

    Defendants.

CV 17-108-M-DLC

ORDER

Before the Court is Plaintiff Rosalinda Cintron's ("Cintron") Motion to Compel Discovery Responses. (Doc. 30.) Cintron explains that she has in good faith conferred with Title Financial Corporation ("Title Financial") in an effort to obtain the discovery she seeks without court action. The parties have been unable to resolve this dispute. She requests the production of personnel files of her supervisor and two of her fellow employees. Specifically, Cintron requested "any and all communications between Insured Titles, LLC and/or Title Financial Corporation and [the employee] that do not involve private medical or family matters." (Doc. 31-1 at 2–4.)

Title Financial objects to the production of these files on three grounds: (1) that the employees not party to this suit enjoy a constitutional right of privacy

-1-

which Defendants are required to maintain absent a Court order; (2) that the discovery requests at issue are overly broad and not proportional to the needs of the case; and (3) that the information requested is not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 32.)

The scope of allowable discovery is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The Court need not determine at this time if the information requested by Cintron is relevant, but rather if it may be relevant. However, based upon the information provided from Cintron in her brief, the Court is not convinced that the disclosure of these employees' personnel files is likely to lead to relevant information or what information may be contained in these files that relates to her claims against Title Financial. Cintron's motion and brief in support are broad and only explain that she seeks evidence relating to "[w]hether Title Financial took her allegations seriously – and whether it addressed her work environment . . . ." (Doc. 31 at 7.) Cintron further describes that she seeks "any information about

complaints against Ms. Heitmann or other employees, or the steps taken to deal with personnel problems . . . ." (*Id.*)[1] Cintron never articulates how Ms. Heitmann or the other two employees are connected to her claims and what information may be contained in each of their personnel files that could lead to potentially relevant evidence. Thus, the Court finds at this juncture that Cintron's request is overly broad, unclear, and does not comport with the spirit and intent of Federal Rule of Civil Procedure 26(b)(1). Therefore, the Court denies Cintron's motion to compel at this time subject to renewal. Cintron shall clarify her need for these personnel files so that the Court may fairly evaluate whether these compelled documents may lead to relevant information.

The Court provides the following additional guidance to counsel regarding Defendant's remaining objections. The Court is not persuaded by Title Financial's argument that the information within these documents is protected by the employees' constitutional rights to privacy, and is not convinced that this dispute presents a constitutional issue of significant import. Regardless, the

---

[1] The Court notes that in her reply brief, Cintron explains that "the information contained in [the] personnel records may support Linda's claims for retaliation, constructive discharge, and other of Defendant's malfeasance." (Doc. 33 at 3.) Again, this is overly broad and non-descriptive. The Court acknowledges that in employment cases such as this, personnel files are often discoverable because they may lead to evidence of other similar acts. However, Cintron must clarify what exactly she believes will be discovered in the three personnel files she seeks to compel Title Financial to produce, especially since these are confidential documents that implicate privacy rights.

-3-

privacy section of the Montana Constitution applies to state action only. *Weinheimer v. Comniflight Helicopters, Inc.*, No. CV 09-06-M-DWM, Doc. 20 (D. Mont. Sept. 9, 2009) (citing Mont. Const. art. II, § 10; *State v. Malkuch*, 154 P.3d 558, 560 (Mont. 2007); and *State v. Long*, 700 P.2d 153, 157 (Mont. 1985)); *Ivins v. Corrections Corporation of America*, No. CV 12-103-BLG-SEH-CSO, Doc. 32 (D. Mont. July 26, 2013) ("[T]here is no constitutional issue as to disclosure of records between private parties[] absent a claim of privilege protection over the information.") Here, all the parties are private individuals and no state action is involved. Thus, the privacy provision of the Montana Constitution does not preclude disclosure of the personnel files, and the Court need not engage in the constitutional balancing test urged by Defendants.

However, the Court is mindful of the privacy concerns at issue, and Cintron concedes that she is sensitive to the employees' concerns regarding privacy and agreed to sign a confidentiality agreement (Doc. 31-3 at 1.) The Court will address the employees' privacy rights in its final order, should Cintron refile her Motion to Compel.

Finally, Title Financial objects that the "any and all" language used in Cintron's production requests are overly broad and unduly burdensome. Defendants contend that Cintron should limit the scope of her request to be more reasonable and proportional to her case. (Doc. 32 at 4–5.) As indicated above,

-4-

the Court finds that the motion to compel is overly broad. Thus, if Cintron renews her motion, she shall specifically limit the request in time and scope.

Accordingly, IT IS ORDERED that Cintron's Motion to Compel (Doc. 30) is DENIED subject to renewal, pursuant to the Court's findings above.

IT IS FURTHER ORDERED that the parties shall re-confer regarding the production of these personnel files in accordance with the guidance provided above. The parties should be able to resolve this issue without further Court intervention. However, should the parties not be able to reach an agreement, Cintron's may refile her Motion to Compel.

DATED this 12th day of June, 2018.

Dana L. Christensen, Chief Judge
United States District Court